Peter J. Toren
Monica V. Bhattacharyya
Jamie W. McGloin-King
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Attorneys for Plaintiffs Adelphia Communications
Corporation and Adelphia Consolidation LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| In re Adelphia Communications Corporation, et al., | Chapter 11 |
| | Case No. 02-41729 (REG) |
| Reorganized debtors, | (Jointly Administered) |
| Adelphia Communications Corporation; and Adelphia Consolidation, LLC, | |
| Plaintiffs, | **Adversary Proceeding** |
| v. | Adv. Proc. No. 10-_____ |
| Thomson, Inc., | |
| Defendant. | |

_____

Plaintiffs Adelphia Communications Corporation and Adelphia Consolidation, LLC (collectively, "Plaintiffs"), by their attorneys Kasowitz, Benson, Torres & Friedman LLP, hereby state the following:

## THE PARTIES TO THIS ADVERSARY PROCEEDING

1. Plaintiff Adelphia Communications Corporation ("ACC") is a corporation organized under the laws of the state of Delaware. ACC's principal place of business is 4582 South Ulster Street, Denver, Colorado.

2. Plaintiff Adelphia Consolidation, LLC ("Adelphia Consolidation") is a limited liability company organized under the laws of the state of Delaware. Adelphia Consolidation's principal place of business is 4582 South Ulster Street, Denver, Colorado. ACC and the predecessors-in-interest to Adelphia Consolidation (collectively, "Adelphia") have filed voluntary petitions (the "Chapter 11 Cases") for relief with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 Cases are jointly administered as the above-captioned Chapter 11 case. ACC acted on behalf of or as agent for the predecessors-in-interest to Adelphia Consolidation, and subsequently on behalf of or as agent for Adelphia Consolidation itself, while ACC was a debtor-in-possession and thereafter. The debtors in the Chapter 11 Cases sold substantially all of their assets on July 31, 2006.

3. On information and belief, Defendant Thomson, Inc. is a corporation organized under the laws of Delaware, and maintains places of business at 101 West 103rd Street and 10330 North Meridian Street, Indianapolis, Indiana. On information and belief, at times relevant to this Complaint, Thomson has done business in its own name and also has done business as, or is the successor corporation to, Thomson Multimedia, Inc., Thomson RCA Inc., Thomson Consumer Electronics, Inc. and Thomson Broadcast Systems (collectively, "Thomson"). Thomson's registered agent for service of process in New York is Registered Agent Solutions, Inc., 99 Washington Avenue, Suite 1008, Albany, New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Adversary Proceeding Complaint ("Complaint") pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

5. This Complaint states a claim for breach of one or more post-petition contracts (the "Contract" or "Contracts") that Thomson entered into with Adelphia.

6. The claims arise from Thomson's failure to perform its contractual obligation to defend and hold harmless Adelphia in an adversary proceeding brought by Rembrandt Technologies, LP ("Rembrandt"), *Rembrandt Technologies, LP v. Adelphia Communications Corporation*, *et al.*, Adv. Proc. No. 06-01739 (REG) (Bankr. S.D.N.Y. filed Sept. 13, 2006) (the "Rembrandt Adversary Proceeding") and the accompanying administrative claims, filed in this Court. *See* Docket No. 14229 at 2-4, Chapter 11 Cases.

7. The instant adversary proceeding is commenced pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## REMBRANDT'S ALLEGATIONS AGAINST ADELPHIA

9. Rembrandt claims to be the owner and assignee of the following United States Letters Patent (collectively, the "Patents-in-Suit"):

a. Patent No. 5,710,761, entitled "Error Control Negotiation Based on Modulation," issued January 20, 1998;

b. Patent No. 5,778,234, entitled "Method for Downloading Programs," issued July 7, 1998;

3

  c.  Patent No. 6,131,159, entitled "System for Downloading Programs," issued October 10, 2000; and

  d.  Patent No. 6,950,444, entitled "System and Method for a Robust Preamble and Transmission Delimiting in a Switched-Carrier Transceiver," issued September 27, 2005.

10. Rembrandt filed the Rembrandt Adversary Proceeding against Adelphia, claiming post-petition patent infringement. Docket No. 1, Rembrandt Adversary Proceeding (filed Sept. 13, 2006) ("Rembrandt's Complaint"), a copy of which (without exhibits) is annexed hereto as Exhibit A.

11. Rembrandt's Complaint alleged that Adelphia had, while operating their businesses under the supervision of the Bankruptcy Court, infringed the Patents-in-Suit by, *inter alia*, "providing high-speed cable modem internet products and services to subscribers." *Id.* at 6-9.

12. Rembrandt further alleged that the above-mentioned activities by Adelphia amounted to infringement, directly, by inducement, and/or by contributing to the infringement of the Patents-in-Suit. *Id.*

13. Rembrandt further alleged that, because of the above-mentioned activities by Adelphia, Rembrandt "suffered substantial damages due to the . . . infringement." *Id.*

14. Rembrandt's Complaint sought damages, enhanced damages, attorneys' fees, costs and interest. *Id.* at 9.

15. Rembrandt asserted before this Court that its damages arising from its patent infringement claims were not less than $130.3 million.

16. Adelphia denied that it had infringed any valid patent owned by Rembrandt.

17. On June 18, 2007, the Judicial Panel on Multidistrict Litigation issued a Transfer Order ordering the centralization of fifteen actions commenced by Rembrandt against certain parties in the District of Delaware (the "Delaware District Court") as *In re Rembrandt Technologies, LP Patent Litigation*, Case No. 07-md-1848 (GMS) (D. Del.) (the "MDL Litigation"), including the Rembrandt Adversary Proceeding.

18. The parties to the MDL Litigation engaged in extensive discovery and motion practice over the next two years.

19. On July 31, 2009, Rembrandt executed an Amended Covenant Not To Sue (the "CNS") that terminated its right to pursue all of its claims against Adelphia. *See* Docket No. 844 at 2 n.3 & Ex. A thereto, MDL Litigation. As a result, Adelphia has no liability to Rembrandt. Rembrandt then moved to dismiss the MDL Litigation on the basis that the CNS deprived the Delaware District Court of subject matter litigation. Docket Nos. 843-44 (filed July 31, 2009), MDL Litigation. The Delaware District Court granted that motion on October 23, 2009. Docket No. 880, MDL Litigation. Post-judgment motion practice in the MDL Litigation is ongoing.

20. On October 12, 2009, Rembrandt and Adelphia stipulated that Rembrandt's administrative claims would be "be disallowed and expunged in their entirety . . . ." *See* Docket No. 14330, Chapter 11 Cases.

21. Adelphia was forced to pay attorneys' and experts' fees and costs to defend against Rembrandt's claims from September 2006 to the present.

## ADELPHIA'S RELATIONSHIP WITH THOMSON

22. At all times relevant to this Complaint, Thomson has been under a duty to defend and hold Adelphia harmless from any attorneys' and experts' fees and costs resulting from Adelphia's defense against Rembrandt's infringement allegations.

23. During the post-petition period, Adelphia purchased over 230,000 cable modem products from Thomson.

24. Thomson cable modem products purchased during the post-petition period by Adelphia were at issue in the Rembrandt Adversary Proceeding and the MDL Litigation. Rembrandt alleged that those cable modem products infringed the Patents-in-Suit. *See, e.g.*, Answer of Rembrandt Technologies, LP and Counterclaim of Rembrandt Technologies, LP and Rembrandt Technologies, LLC d/b/a Remstream at ¶¶ 59-60, 74-75, 89-90, 97-98, Docket No. 47, MDL Litigation (filed Jan. 16, 2008).

25. Adelphia's purchases of Thomson cable modem products were made pursuant to terms and conditions provided by agreement(s) between Adelphia and Thomson and/or other applicable law. Pursuant to the applicable terms and conditions, Thomson had a duty to defend and hold Adelphia harmless for the attorneys' and experts' fees and costs resulting from Adelphia's defense against Rembrandt's infringement allegations.

26. Adelphia has duly performed all of the relevant terms and conditions of the Contract or Contracts on its part.

27. On information and belief, Thomson had notice of the Rembrandt Adversary Proceeding as early as September 2006.

28. Adelphia provided written notice of Thomson's obligations and demanded that Thomson fulfill its obligations under the Contracts by, at the latest, a letter dated May 22, 2007,

a copy of which is attached hereto as Exhibit B.  Subsequently, Adelphia and Thomson entered into a tolling agreement extending the statute of limitations period.

29. Thomson breached its obligations by willfully failing to defend Adelphia. Adelphia was forced to pay its attorneys' and experts' fees and costs for defending against Rembrandt's infringement allegations as a result of Thomson's failure to defend.  For these reasons, Adelphia is entitled to legal relief from this Court.

## COUNT ONE
**(Breach of contract)**

30. Adelphia re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 29 as though set forth herein.

31. Adelphia and Thomson entered into one or more Contracts for the purchase of cable modem products for a valuable consideration.

32. Among other things, as part of this Contract or Contracts, Thomson agreed to indemnify, defend and hold harmless Adelphia from Rembrandt's allegations that Thomson's cable modem products, and Adelphia's use thereof, infringed the Patents-in-Suit.

33. Adelphia duly performed all of the relevant terms and conditions of the Contract or Contracts on its part.

34. By failing to defend Adelphia in Rembrandt's patent infringement suit, Thomson breached the Contract or Contracts in that it has failed and neglected to perform its duty to defend and hold Adelphia harmless with respect to allegations of patent infringement related to Thomson's cable modem products.

35. By reason of Thomson's breach of the Contract or Contracts, Adelphia has been damaged in a sum in excess of $3 million, in an amount to be determined at trial.

36. By reason of Thomson's breach of the Contract or Contracts, Plaintiffs are entitled to relief as set forth below in the Prayer for Relief.

## COUNT TWO
### (Unjust Enrichment)

37. Plaintiffs re-allege and re-assert the allegations set forth in Paragraphs 1 through 36 as though set forth herein.

38. Thomson has been enriched at the expense of Adelphia by virtue of benefits conferred on Thomson by Adelphia, which benefits Thomson appreciated, accepted and retained, and it would be inequitable to permit Thomson to retain those benefits without payment of value.

39. Specifically, Thomson has been enriched by Adelphia's conduct of its own defense against Rembrandt's infringement claims. Because of Thomson's failure to defend and hold Adelphia harmless, Adelphia's legal fees and costs were paid by Adelphia. Moreover, Adelphia's actions in defending against Rembrandt's claims, on information and belief, benefited Thomson as well.

40. Thomson had a duty to pay the attorneys' fees and costs and expert fees and costs of Adelphia's defense. Under these circumstances, it would be inequitable for Thomson to retain the benefit of Adelphia's expenditures in its own defense without payment to Adelphia of the value of those expenditures.

41. By reason of Thomson's unjust enrichment, Plaintiffs are entitled to relief as set forth below in the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court order judgment in its favor on the claims set forth above, and award it relief including, but not limited to, the following:

1. Money damages, in an amount to be determined at trial but no less than $3 million;

2. Restitution, in an amount to be determined at trial but no less than $3 million;

3. Costs and attorneys' fees;

4. Prejudgment interest;

5. Post-judgment interest; and

6. Any such other relief as may be appropriate.

Dated: April 26, 2010

By:   /s/  Peter J. Toren
      Peter J. Toren

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Peter J. Toren
Monica V. Bhattacharyya
Jamie W. McGloin-King

1633 Broadway
New York, NY  10019
Tel: (212) 506-1700
Fax: (212) 506-1800

Attorneys for Plaintiffs Adelphia Communications Corporation and Adelphia Consolidation LLC